Moscoso Hnos. & Co., S. en C., demandante y apelante, *v.* Manuel V. Domenech, Tesorero de Puerto Rico, demandado y apelado.

No. 5698.—*Sometido:* Junio 22, 1932. *Resuelto:* Noviembre 15, 1932.

■■■■■■■■■■■■■■■■

*Tous Soto & Zapater,* abogados de la apelante; *Hon. Attorney General de Puerto Rico Charles E. Winter* y *M. Rodríguez Serra, Procurador General Auxiliar,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

■■■■ Virtualmente, la única cuestión envuelta en este caso es la de si los socios gestores de la demandante, una sociedad en comandita, son empleados de la misma.

Con anterioridad al 1927, la sección 32-*a* de la Ley de Contribuciones sobre Ingresos (Leyes de 1925, págs. 401, 477) leía en parte como sigue:

"Al computar el ingreso neto de una corporación o sociedad sujeta a la contribución impuesta por la sección 28, se admitirán como deducciones:

"(1) Todos los gastos ordinarios y necesarios pagados o incurridos durante el año contributivo en la explotación de cualquier industria o negocio, incluyendo una cantidad razonable para sueldos u otra compensación por servicios personales realmente prestados. . ."

Según fué enmendado en 1927 (Leyes de ese año, pág. 489), el inciso primero dice: (bastardillas nuestras)

"(1) Todos los gastos ordinarios y necesarios pagados o incurridos durante el año contributivo en la explotación de cualquier industria o negocio, incluyendo una cantidad razonable para sueldos y compensación *a empleados* por servicios personales realmente prestados. . ."

A virtud de la Ley de 1925 la deducción por concepto de sueldos se limitaba a "una cantidad razonable para sueldos u otra compensación por servicios personales realmente prestados." Esto, desde luego, incluía los sueldos que se pagaban a los empleados. El objeto de la enmienda fué distinguir entre los empleados y los funcionarios cuando se trataba de una corporación, y entre los empleados y los socios gestores de una sociedad en comandita. Se hizo con el fin de fijar una limitación adicional sobre la cantidad de la rebaja. La

deducción por salario se circunscribía a los satisfechos a los empleados. La inferencia ineludible es que se excluyeron los sueldos pagados a los socios gestores de una sociedad en comandita o a los funcionarios de una corporación como tales socios gestores o funcionarios.

La demanda alega que la demandante se dedica al negocio de drogas; que sus socios gestores, Teodoro e Ismael Moscoso, han tenido larga experiencia en los ramos del tráfico de la sociedad y dedican todo su tiempo y actividad personal al servicio de dicha sociedad y a la gestión de sus negocios; que el capital de la sociedad, $220,000 (con la excepción de $3,000 aportados por los socios activos), está representado por acciones transferibles por endoso pertenecientes a los socios comanditarios; y que la junta de socios, por acuerdo de la misma, señaló como retribución de Teodoro e Ismael Moscoso, por su trabajo personal como tales gestores, un sueldo anual de $12,000 y $10,000 respectivamente.

La apelante nos cita 20 C. J. 1241, en que se dice que el término *empleado* ''no tiene ni en su uso técnico ni en el general un significado restringido por el cual se designe determinado empleado o servicio, y no cabe dudar que puede tener distintos significados con relación a diferentes extremos.'' A esto luego sigue la aserción de que: (bastardillas nuestras) *''El contexto y el modo en que se le usa deben determinar en grado sumo si en un caso en particular el término incluye . . . . el director de una corporación,''* o ''el gerente de una corporación.'' Nuestra impresión de un examen superficial de los casos en que se ha resuelto que el director de una corporación o el gerente de la misma son o no empleados dentro de la significación de otros estatutos, es que esos casos no militan contra la conclusión a que ya hemos llegado en torno al propósito y significado de la enmienda que estamos considerando.

A otro respecto, la apelante cita de 47 C. J. 1273, sección 1009:

''Los rasgos característicos de una sociedad en comandita son:

(1) Organización con arreglo a los términos de un estatuto sobre la materia. (2) Uno o más socios generales que controlan el negocio. (3) Uno o más socios especiales o comanditarios, o en *commendam*, que contribuyen a su capital y que participan de sus beneficios, pero que no tienen facultades para dirigir el negocio, y que no son personalmente responsables de las deudas de ésta. (4) Limitación de los derechos de sus acreedores al fondo de la sociedad y a los socios colectivos.''

. El artículo 145 del Código de Comercio dispone que:

''En la escritura social de la compañía en comandita constarán las mismas circunstancias que en la colectiva.''

Según los términos del artículo 125, la escritura social de la compañía colectiva deberá expresar ''las cantidades que en su caso se asignen a cada socio gestor anualmente para sus gastos particulares.'' Nada se dice respecto a sueldo, pero el párrafo ,final del artículo dispone que: ''se podrán también consignar en la escritura todos los demás pactos lícitos y condiciones especiales que los socios quieran establecer.''

El artículo 148 contiene el siguiente párrafo:

''Los socios comanditarios no podrán hacer acto alguno de administración de los intereses de la compañía, ni aun en calidad de apoderados de los socios gestores.''

La demanda no revela la manera en que se constituyó la ''junta de socios'' aludida, ni la fuente de que emanaba su facultad, en caso de que la tuviera, para actuar a nombre de la sociedad en la celebración de un contrato entre ella y sus socios gestores. Cabe inferir que los dos socios gestores actuaron conjuntamente como la ''junta de socios.'' El hecho de que los dos socios gestores estaban capacitados, merced a una larga experiencia, para asumir la dirección del negocio, el hecho de que dedicaban todo su tiempo y sus actividades personales al servicio de la sociedad y a la gestión de sus negocios, el hecho de que el capital constaba de acciones que en su mayoría pertenecían a los socios comanditarios, y el hecho de que los referidos socios gestores fijaron ciertos sueldos

anuales como remuneración por sus servicios personales como tales gestores, no les convirtió en empleados de la sociedad dentro del significado de la ley tal como fué enmendada en 1927. No sólo esos hechos dejan de establecer entre la sociedad y sus socios la relación de patrono y empleado, si que también se sostiene la alegación de que los sueldos se destinaban al pago de servicios prestados como socios gestores, y la sociedad no tenía derecho a una rebaja por salarios así pagados.

*Debe confirmarse la sentencia apelada.*